1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  TRAMELL V. TAYLOR,                               CV F 04-6304 REC SMS HC

10                      Petitioner,               ORDER DENYING PETITIONER'S REQUEST
                                                   TO HOLD PETITION IN ABEYANCE
11          v.                                     PENDING EXHAUSTION

12                                                 [Doc. 15]
    GEORGE STRATTON, WARDEN,
13                                                 ORDER DIRECTING RESPONDENT TO FILE
                        Respondents.               RESPONSIVE PLEADING
14
    _____/              ORDER SETTING BRIEFING SCHEDULE
15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on September 13, 2004.  On

19  February 12, 2005, the Court issued an order to show cause why the petition should not be

20  dismissed for failure to exhaust the state court remedies.  On March 14, 2005, Petitioner filed an

21  amended petition deleting the unexhausted claims and filed a separate motion to hold the action

22  in abeyance.  In his motion, Petitioner indicated that Grounds One and Two were exhausted;

23  however, Grounds Three and Four were not.  On May 6, 2005, the Court issued an order to show

24  cause why the motion for abeyance should be granted in light of the Supreme Court's recent

25  opinion in Rhines v. Weber, 125 S.Ct. 1528 (2005).[1]  Petitioner has failed to file a response to

26  the Court's order.  Therefore, Petitioner's request to hold the petition in abeyance pending

27

28          [1] Petitioner's response was due within thirty days from the date of service of that order.  The order was
    served on the same date it was filed - May 6, 2005.  (Court Doc. 18.)

1

1  exhaustion in the state court's is DENIED.

2      The Court has conducted a preliminary review of the Amended Petition, filed March 14,

3  2005.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16

4  of the Federal Rules of Civil Procedure,[2] the Court HEREBY ORDERS:

5      1.    Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the

6      following:

7      A.    AN ANSWER addressing the merits of the Amended Petition and due

8      within **NINETY (90)** days of the *date of service* of this order.  Rule 4,

9      Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d

10     1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing

11     an Answer.).

12     −    Respondent SHALL INCLUDE with the Answer any and all

13     transcripts or other documents necessary for the resolution of the

14     issues presented in the Petition. Rule 5 of the Rules Governing

15     Section 2254 Cases.

16     −    Any argument by Respondent that Petitioner has *procedurally*

17     *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

18     addresses the merits of the claims asserted. This is to enable the

19     Court to determine whether Petitioner meets an exception to

20     procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th

21     Cir. 1997) (Procedurally defaulted claims may be reviewed on the

22     merits to serve the ends of justice);  <u>Jones v. Delo</u>, 56 F.3d 878 (8th

23     Cir. 1995) (the answer to the question that it is more likely than not

24     that no reasonable juror fairly considering all the evidence,

25

26     [2]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the
27 practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the
practice of civil actions."  Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the
28 extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under
these rules."  Rule 11, Rules Governing Section 2254 Cases.

1   including the new evidence, would have found Petitioner guilty

2   beyond a reasonable doubt necessarily requires a review of the

3   merits).

4       –   Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from

5   the date Respondent's Answer is filed with the Court.

6       B.   A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of*

7   *service* of this order based on the following grounds:[3]

8           i.   EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss

9   for Petitioner's failure to exhaust state court remedies SHALL

10   INCLUDE copies of all the Petitioner's state court filings and

11   dispositive rulings relevant to the examination of the statute

12   limitations issue as required by Ford v. Hubbard, 330 F.3d 1086

13   (9th Cir. 2003) and  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

14           ii.   STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A

15   Motion to Dismiss the Petition as filed beyond the one year

16   limitations period SHALL INCLUDE copies of all Petitioner's

17   state court filings and dispositive rulings.

18           iii.   SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A

19   Motion to Dismiss the Petition on the basis of § 2244(b) SHALL

20   include a copy of the previously filed federal Petition and

21   disposition thereof.

22       2.   OPPOSITIONS to Motions to Dismiss SHALL be served and filed within

23   EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL

24

25       [3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that

26   summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or*
*to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis

27   added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a
dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney

28   General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th
Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

1  be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES

2  to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8)

3  days, plus three days for mailing.  Replies to Oppositions to all other Motions

4  SHALL be served and filed within eight (8) days, plus three days for mailing.  If

5  no opposition is filed, all motions are deemed submitted at the expiration of the

6  opposition period.

7      3.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE

8  and RETURN to the Court along with the Response or Motion to Dismiss, a

9  Consent form indicating whether the party consents or declines to consent to the

10  jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C.

11  § 636(c)(1).

12      4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record

13  within **SIXTY (60)** days of the date of service of this order for purposes of service

14  of court orders.  See, Local Rule 83-182(a), 5-135(c).

15      5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a

16  copy of the PETITION and any exhibits/attachments, on the Attorney General or

17  his representative.[4]

18      All motions shall be submitted on the record and briefs filed without oral argument unless

19  otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

20  applicable to this order.

21  IT IS SO ORDERED.

22  **Dated:   July 7, 2005**                     **/s/ Sandra M. Snyder**
    icido3                                         UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

---

[4]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").