# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAMELL V. TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE STRATTON, WARDEN,<br><br>    Respondents.<br>_____/ | CV F 04-6304 LJO SMS HC<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING PETITIONER'S <u>BATSON</u> CLAIM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 13, 2004, in the United States District Court for the Eastern District of California, Sacramento Division. (Court Doc. 1.) The action was transferred to the Fresno Division on September 22, 2004. (Court Doc. 4.) Petitioner filed an amended petition on March 14, 2005. (Court Doc. 16.)

Respondent filed an answer to the amended petition on October 6, 2005. (Court Doc. 20.) Petitioner did not file a traverse.

The amended petition raises the following two claims: (1) the trial court erred in denying his motion challenging the prosecutor's exercise of a peremptory challenge under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986); and (2) the state law doctrine of "provocative act" murder should be abolished. (Amended Petition, at 5-5B.)

Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal

1

and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986). In Batson, the United States Supreme Court set out a three-step process in the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769 (1995). First, the defendant must make a *prima facie* showing that the prosecutor has exercised a peremptory challenge on the basis of race. Id. That is, the defendant must demonstrate that the facts and circumstances of the case "raise an inference" that the prosecution has excluded venire members from the petit jury on account of their race. Id.

If a defendant makes this showing, the burden then shifts to the prosecution to provide a race-neutral explanation for its challenge. Id. At this step, "the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859 (1991). Finally, the trial court must determine if the defendant has proven purposeful discrimination.

"When there is reason to believe that there is a racial motivation for the challenge, neither the trial courts nor we are bound to accept at face value a list of neutral reasons that are either unsupported in the record or refuted by it." Johnson v. Vasquez, 3 F.3d 1327, 1331 (9th Cir. 1993). The court must consider the record as a whole and each explanation in order to determine whether an invidious discriminatory purpose may be inferred from the totality of the relevant facts of the case. Kesser v. Cambra, 465 F.3d 351, 360 (9th Cir. 2006) (citing Hernandez, 500 U.S. at 363.)

In Kesser v. Cambra, the Ninth Circuit applied the comparative juror analysis as done by the Supreme Court in Miller-El, 545 U.S. 231 (2005), rejecting the notion that the court should not engage in comparative analysis for the first time on appeal. 465 F.3d at 360-361.

In his answer, Respondent argues that any new rule established in Miller-El should not be applied retroactively under Teague. Respondent further argues that the California Supreme Court and Ninth Circuit have held that a reviewing court should not attempt its own comparative juror analysis for the first time on appeal. (Answer, at 15 n.7.)

In light of the Ninth Circuit's recent holding in <u>Kesser</u>, the Court finds it necessary for Respondent to submit a supplemental brief addressing its impact on Petitioner's <u>Batson</u> claim. Such briefing shall include, but is not limited to, the comparative analysis application to the facts of this case.

Accordingly, it is HEREBY ORDERED that:

1. Within **FORTY-FIVE (45)** days from the date of service of this order, Respondent shall submit supplemental briefing; and
2. Within **THIRTY (30)** days from the date Respondent files its supplemental briefing, Petitioner may file a supplemental response.

IT IS SO ORDERED.

**Dated:**   September 11, 2007              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE